1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGRIGO DE CASES, | CASE NO. 1:11-cv-1813–MJS (PC) |
|         Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
|   v. | |
| THE STATE DEPARTMENT OF MENTAL HEALTH, et al., | (ECF No. 6) |
|         Defendants. | PLAINTIFF MUST SHOW CAUSE BY JUNE 5, 2012 |

_____ /

Plaintiff Rogrigo De Cases ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

On March 28, 2012, the Court issued an Order, directing Plaintiff to produce a copy of any final order and judgment issued in the case In re Rodrigo De Casas, 10CRWR680131, or if none was available, to submit a short description regarding the status of the state action.  (ECF No. 6.)  Plaintiff was given thirty days in which to comply with this order.  (Id.)  Thirty days have passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

-1-

1   all sanctions . . . within the inherent power of the Court."  District courts have the inherent

2   power to control their dockets and "in the exercise of that power, they may impose

3   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

4   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's

5   failure to prosecute an action, failure to obey a court order, or failure to comply with local

6   rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

7   noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

8   (dismissal for failure to comply with an order requiring amendment of complaint);

9   Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

10  prosecution and failure to comply with local rules).

11      Plaintiff has not responded to the Court's March 28, 2012, Order.  He will be given

12  one more opportunity, until **June 5, 2012**, **and no later**, to produce a copy of any final

13  order and judgment issued in the case In re Rodrigo De Casas, 10CRWR680131, or if

14  none is available, to submit a short description regarding the status of the state action.  In

15  the alternative, Plaintiff may show cause why his case should not be dismissed for failure

16  to comply with a Court order.  **Failure to meet this deadline will result in dismissal of**

17  **this action.**

18

19

20

21  IT IS SO ORDERED.

22  Dated:   May 21, 2012              /s/ *Michael J. Seng*

23                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28