# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGRIGO DE CASES, | 1:11-cv-1813-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | (ECF Nos. 6 & 7) |
| THE STATE DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | |

Plaintiff Rogrigo De Cases ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On March 28, 2012, the Court issued an Order directing Plaintiff to produce a copy of any final order and judgment issued in the case In re Rodrigo De Casas, 10CRWR680131, or if none was available, to submit a short description of the status of the state action. (ECF No. 6.) Plaintiff was given thirty days in which to comply with this order. (Id.) Plaintiff failed to do so or otherwise respond to the Court's Order..

On May 22, 2012, the Court issued an Order directing Plaintiff to show cause by June 5, 2012, why his case should not be dismissed for failure to obey a court order.

(ECF No. 7.) June 5, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously

1  resolving this litigation and the Court's interest in managing its docket weigh in favor of
2  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
3  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
4  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
5  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
6  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
7  warning to a party that his failure to obey the court's order will result in dismissal satisfies
8  the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
9  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly
10 stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 7.)
11 Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
12 with the Court's Order.

13     Accordingly, this action is HEREBY DISMISSED, without prejudice, based on
14 Plaintiff's failure to obey the Court's May 22, 2012, Order (ECF No. 7).

17 IT IS SO ORDERED.

18 Dated:   July 14, 2012              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE